**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4831**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YUSEF JAMAL GORDON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., Chief District Judge.   (CR-02-780)

---

Submitted:  October 20, 2005          Decided:  October 26, 2005

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yusef Jamal Gordon entered a conditional plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2005). He now appeals the district court's denial of his motion to suppress and from his 180-month sentence. Gordon's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), addressing these issues, but stating that there were no meritorious issues for appeal. Gordon declined to file a pro se supplemental brief. At our direction, the parties filed supplemental briefs addressing the impact of United States v. Booker, 125 S. Ct. 738 (2005) on this appeal. Because our review of the record discloses no reversible error, we affirm Gordon's conviction and sentence.

The district court properly denied Gordon's motion to suppress the evidence of the gun, which was discovered in a jacket that Gordon discarded as he ran from the officers. Because he had abandoned the jacket, Gordon lacked standing to challenge the search of the jacket. See Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Flowers, 912 F.2d 707, 711 (4th Cir. 1990). Thus, the evidence was admissible.

Based on Gordon's prior convictions, the district court properly found that he qualified as an armed career criminal. See 18 U.S.C. § 922(e)(1). Accordingly, Gordon's guideline sentencing range was properly determined to be 168 months to 210 months. The

district court imposed the statutory minimum sentence of 180 months. 18 U.S.C. § 924(e). In addition, because the record provides no nonspeculative basis suggesting that the district court would have imposed a lesser term of supervised release under an advisory guidelines scheme, the mandatory application of the sentencing guidelines did not affect Gordon's substantial rights. See <u>United States v. White</u>, 405 F.3d 208, 216-24 (4th Cir. 2005).

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Gordon's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>